### J. N. STEPHENSON *v.* THE STATE.

FORFEITURE OF BAIL-BOND. — Final judgment against one of the sureties on a bail-bond cannot be rendered unless some disposition of the case as to other sureties is made by the court. See this case for example.

APPEAL from the District Court of Johnson. Tried below before the Hon. J. ABBOTT.

The opinion discloses the case.

*W. Poindexter*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant and one M. J. Powers were sureties on the bail-bond of one Thomas Powers, for his appearance at and before the District Court of Johnson County to answer the State on a charge preferred by indictment for theft of cattle. The principal failing to appear at the proper time, the bond was declared forfeited, judgment *nisi* was

rendered for the amount of the bond, and *scire facias* ordered against the sureties, returnable to the succeeding term of the court. The record discloses that the writ of *scire facias* was executed on this appellant, but is silent as to the other surety. On the hearing, judgment final by default was rendered against the principal, and the appellant as surety, for the amount of the bond and costs. Subsequently the appellant made an application to have the judgment by default set aside, which was opposed by counsel representing the State and was refused by the court, and this appeal is prosecuted.

The first error assigned is set out in the transcript as follows : " The court erred in entering judgment against the defendant, J. N. Stephenson, without first having dismissed as to M. J. Powers, the co-surety of defendant, the said M. J. Powers being equally bound with defendant." The record supports this error, and it is well assigned. The final judgment makes no final disposition of the case so far as the surety M. J. Powers is concerned, who was a party to the suit, and one of the parties against whom the judgment *nisi* was rendered and *scire facias* ordered. The final judgment does not dispose of the whole case as made by the record. Other errors are not considered, for the reason that if any other error was committed the parties can have it corrected on another trial.

For the reason that the record does not dispose of the whole case in the particular above indicated, the judgment must be reversed and the cause remanded. ᐧ *Wills* v. *The State*, 4 Texas Ct. App. 613 ; *Walter* v. *The State*, 6 Texas Ct. App. 254.

*Reversed and remanded.*